UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JESSICA WROBLESKI,

                              Plaintiff,

v.                                                                         3:19-CV-0876
                                                                              (GLS/ML)

INVESTIGATOR AMANDA MILLER,
Binghamton Police Precinct, Individual and
Official Capacities; INVESTIGATOR CARL
PETERS, Binghamton Police Precinct,
Individual and Official Capacities;
BINGHAMTON POLICE PRECINCT; and
CITY OF BINGHAMTON,

                              Defendants.
_____

APPEARANCES:                                        OF COUNSEL:

JESSICA WROBLESKI
  Plaintiff, *Pro Se*
190 Henry Street, 1st Floor
Binghamton, New York 13901

MIROSLAV LOVRIC, United States Magistrate Judge

## ORDER and REPORT-RECOMMENDATION

      The Clerk has sent this *pro se* complaint together with an application to proceed *in forma pauperis* filed by Jessica Wrobleski ("Plaintiff") to the Court for review. (Dkt. Nos. 1 and 8.) For the reasons discussed below, I grant Plaintiff's *in forma pauperis* application (Dkt. No. 8), recommend that Plaintiff's Complaint (Dkt. No. 1) be dismissed in its entirety and with leave to amend her equal protection and due process claims against (1) Defendants Miller and Peters in their individual capacities, and (2) Defendants Miller and Peters in their official capacities to the extent that Plaintiff seeks prospective, non-monetary relief, but without leave to amend (1)

Plaintiff's claim pursuant to the Prison Rape Elimination Act ("PREA"), and (2) Plaintiff's equal protection and due process claims against (a) Defendants Miller and Peters in their official capacities to the extent that Plaintiff seeks monetary damages, and (b) the Binghamton Police Precinct.

I.     BACKGROUND

Plaintiff commenced this action by the filing of a Complaint, which was delivered to prison authorities for mailing on July 15, 2019. (Dkt. No. 1 at 13.)

Construed as liberally[1] as possible, Plaintiff's Complaint alleges that her civil rights were violated by Defendants Amanda Miller, Carl Peters, the Binghamton Police Department Precinct, and the City of Binghamton (collectively "Defendants"). (*See generally* Dkt. No. 1.). More specifically, Plaintiff alleges that on November 7, 2015, she was at the Binghamton Police Department as part of an investigation for an alleged felony assault, when she was interviewed by Defendant Miller and Defendant Peters in a room that had an "older styled camera in the corner ceiling area." (*Id*. at 6.) Plaintiff alleges that she was not informed and did not know if the camera in the room worked or was recording her. (*Id.*) Plaintiff alleges that she was "charged and stripped nude to the panty and bra in the interrogation room by [Defendant] Miller . . . [w]hile the interrogation room camera recorded." (*Id.*)

Plaintiff alleges that in May 2016, her attorney, Michelle Coleman, "revealed to [her] that the strip search was recorded" and that copies of the search were "passed around to case staff." (*Id.*) In response, Plaintiff alleges that she contacted the Internal Affairs division of the Binghamton Police Department but that to date, she has not received any response. (*Id.*)

---

[1]    The court must interpret *pro se* complaints to raise the strongest arguments they suggest. *Soto v. Walker*, 44 F.3d 169, 173 (2d Cir. 1995) (quoting *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994)).

2

Plaintiff alleges that she "filed a full civil rights complaint to the DOJ who processed and escalated [her] civil rights complaint . . . [and] assigned [the complaint] to Debra Murphy[,] . . . [who] called [her] in 12-2016 [to inform her] that the investigation wasn't complete [but] that a finding was made of discriminatory practices against [her] race, gender, religion, [and] protected classes by [the] Binghamton Police Dept[artment]." (*Id.*)

Plaintiff asserts the following three causes of action: (1) violation of the equal protection clause pursuant to the Fourteenth Amendment and 42 U.S.C § 1983, (2) discrimination pursuant to 42 U.S.C. § 1983, and (3) violation of PREA. (*Id.* at 3.) For relief, Plaintiff seeks "injunctive [relief] to redact that part of the CD from all copies passed around; in evidence" and monetary and punitive damages in the amount of $550,000.00. (*Id.* at 5.)

For a more complete statement of Plaintiff's claims, refer to the Complaint. (Dkt. No. 1.)

Plaintiff also filed an application for leave to proceed *in forma pauperis*. (Dkt. No. 8.)

## II.     PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS*

When a civil action is commenced in a federal district court, the statutory filing fee, currently set at $400, must ordinarily be paid. 28 U.S.C. § 1914(a). A court is authorized, however, to permit a litigant to proceed *in forma pauperis* status if a party "is unable to pay" the standard fee for commencing an action. 28 U.S.C. § 1915(a)(1).[2] After reviewing Plaintiff's *in*

---

[2]     The language of that section is ambiguous because it suggests an intent to limit availability of IFP status to prison inmates. *See* 28 U.S.C. § 1915(a)(1) (authorizing the commencement of an action without prepayment of fees "by a person who submits an affidavit that includes a statement of all assets such prisoner possesses"). The courts have construed that section, however, as making IFP status available to any litigant who can meet the governing financial criteria. *Hayes v. United States*, 71 Fed. Cl. 366, 367 (Fed. Cl. 2006); *Fridman v. City of N.Y.*, 195 F. Supp. 2d 534, 536 n.1 (S.D.N.Y. 2002).

*forma pauperis* application (Dkt. No. 8), the Court finds that Plaintiff meets this standard. Therefore, Plaintiff's application to proceed *in forma pauperis* is granted.[3]

### III. LEGAL STANDARD FOR INITIAL REVIEW OF COMPLAINT

"Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).

In order to state a claim upon which relief can be granted, a complaint must contain, *inter alia*, "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The requirement that a plaintiff "show" that he or she is entitled to relief means that a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is *plausible* on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (emphasis added) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 [2007]). "Determining whether a complaint states a plausible claim for relief . . . requires the . . . court to draw on its judicial experience and common sense. . . . [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not shown–that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (internal citation and punctuation omitted).

"In reviewing a complaint . . . the court must accept the material facts alleged in the complaint as true and construe all reasonable inferences in the plaintiff's favor." *Hernandez v. Coughlin*, 18 F.3d 133, 136 (2d Cir. 1994) (citation omitted). However, "the tenet that a court

---

[3] Plaintiff is reminded that, although the application to proceed *in forma pauperis* has been granted, she will still be required to pay fees that she may incur in this action, including copying and/or witness fees.

4

must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

Courts are "obligated to construe a pro se complaint liberally." *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009); *see also Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam) (reading the plaintiff's *pro se* complaint "broadly, as we must" and holding that the complaint sufficiently raised a cognizable claim). "[E]xtreme caution should be exercised in ordering sua sponte dismissal of a pro se complaint before the adverse party has been served and [the] parties . . . have had an opportunity to respond." *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983).

The Court, however, also has an overarching obligation to determine that a claim is not legally frivolous before permitting a *pro se* plaintiff's complaint to proceed. *See, e.g., Fitzgerald v. First East Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) (holding that a district court may *sua sponte* dismiss a frivolous complaint, notwithstanding the fact that the plaintiff paid the statutory filing fee). "Legal frivolity . . . occurs where 'the claim is based on an indisputably meritless legal theory [such as] when either the claim lacks an arguable basis in law, or a dispositive defense clearly exists on the face of the complaint." *Aguilar v. United States*, 99-MC-0304, 99-MC-0408, 1999 WL 1067841, at *2 (D. Conn. Nov. 8, 1999) (quoting *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 [2d Cir. 1998]); *see also Neitzke v. Williams*, 490 U.S. 319, 325 (1989) ("[D]ismissal is proper only if the legal theory . . . or factual contentions lack an arguable basis."); *Pino v. Ryan*, 49 F.3d 51, 53 (2d Cir. 1995) ("[T]he decision that a complaint is based on an indisputably meritless legal theory for purposes of dismissal under section 1915(d), may be based upon a defense that appears on the face of the complaint.").

## IV. ANALYSIS

In addressing the sufficiency of a plaintiff's complaint, the court must construe her pleadings liberally. *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008). Having reviewed Plaintiff's Complaint with this principle in mind, I recommend that all causes of action be dismissed.

Plaintiff brings this action against Defendants pursuant to 42 U.S.C. § 1983. "To state a valid claim under § 1983, the plaintiff must allege that the challenged conduct (1) was attributable to a person acting under color of state law, and (2) deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States." *Whalen v. Cnty. of Fulton*, 126 F.3d 400, 405 (2d Cir. 1997) (citing *Eagleston v. Guido*, 41 F.3d 865, 875-76 (2d Cir. 1994)). Thus, § 1983 does not create any independent substantive right, but rather "provides a civil claim for damages" to "redress . . . the deprivation of [federal] rights established elsewhere." *Thomas v. Roach*, 165 F.3d 137, 142 (2d Cir. 1999).

In addition, Plaintiff brings one claim pursuant to PREA, which was enacted in 2003 "to address the problem of rape in prison by creating a commission to study the issue and develop national standards for the detection, prevention, reduction and punishment of prison rape." *Amaker v. Fischer*, 10-CV-0977A, 2014 WL 4772202, at *14 (W.D.N.Y. Sept. 24, 2014).

### A. Claims Pursuant to 42 U.S.C. § 1983

#### 1. Statute of Limitations

The statute of limitations for a § 1983 action accruing in New York is three years. *See Shomo v. City of New York*, 579 F.3d 176, 181 (2d Cir. 2009). The statute of limitations begins to run on the date that the plaintiff's claims accrues. *Wallace v. Kato*, 549 U.S. 384, 388 (2007). Federal law governs the accrual date. *Morse v. Univ. of Vt.*, 973 F.2d 122, 125 (2d Cir. 1992).

Generally, under federal law, a cause of action accrues when "the plaintiff knows or has reason to know the injury which is the basis of his action." *Covington v. New York*, 171 F.3d 117, 121 (2d Cir. 1999) (quoting *Singleton v. City of New York*, 632 F.2d 185, 191 (2d Cir. 1980)); *see Fahs Constr. Grp., Inc. v. Gray*, 725 F.3d 289, 292 (2d Cir. 2013) (per curiam) (citing *Pearl v. City of Long Beach*, 296 F.3d 76, 80 (2d Cir. 2002)) (a claim for equal protection accrues "when the plaintiff knew or should have known of the disparate treatment."). That is so even if "the full extent of the injury is not then known or predictable." *Fahs Const. Group, Inc.*, 725 F.3d at 292. "[S]tate tolling rules determine whether the limitations period has been tolled, unless state tolling rules would 'defeat the goals' of section 1983." *Abbas v. Dixon*, 480 F.3d 636, 641 (2d Cir. 1997) (citing *Pearl*, 296 F.3d at 80).

Although the statute of limitations is an affirmative defense, where it is clear from the face of the complaint that a claim is barred by the applicable statute of limitations, the claim is subject to dismissal for failure to state a claim on 28 U.S.C. § 1915(e)(2)(B) review. *See Pino v. Ryan*, 49 F.3d 51, 53 (2d Cir. 1995) (holding that a complaint can be dismissed on initial review based on a defense that appears on the face of the complaint); *Syfert v. City of Rome*, 17-CV-0578, 2018 WL 3121611, at *3-5 (N.D.N.Y. Feb. 12, 2018) (Dancks, M.J.) (dismissing all claims barred by the statute of limitations on initial review pursuant to 28 U.S.C. § 1915(e)(2)(B)); *Syfert v. City of Rome*, 17-CV-0578, 2017 WL 3405521, at *8-10 (N.D.N.Y. Aug. 7, 2017) (same); *Syfert v. City of Rome*, 15-CV-1149, 2015 WL 6819168, at *7-8 (N.D.N.Y. 2015) (Baxter, M.J.) (same).

Plaintiff commenced this action on July 15, 2019. (Dkt. No. 1.)[4] Three years prior to the filing date is July 15, 2016. Any causes of action in Plaintiff's Complaint that accrued before July 15, 2016, are likely barred by the statute of limitations.

Plaintiff alleges that on November 7, 2015, her rights were violated by Defendants when they videotaped a "strip search" of her. (Dkt. No. 1 at 6.) As a result, Plaintiff's claims arising from this incident are untimely because the statute of limitations expired on November 7, 2018.

Plaintiff's allegations do not amount to a "continuing violation." The continuing violation doctrine, where applicable, is an "exception to the normal knew-or-should-have-known accrual date" if there is evidence of an ongoing discriminatory policy or practice. *Gonzalez v. Hasty*, 802 F.3d 212, 220 (2d Cir. 2015) (quoting *Harris v. City of New York*, 186 F.3d 243, 248 (2d Cir. 1999)). The continuing violation doctrine does not apply to "discrete acts," even where those discrete acts are a part of a "serial violation," but applies solely to claims that "by their nature accrue only after the plaintiff has been subjected to some threshold amount of mistreatment." *Gonzalez*, 802 F.3d at 220 (quoting *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 111 (2002)). When the doctrine applies, the limitations period begins to run when the defendant has engaged in "enough activity to make out an actionable . . . claim," as long as the plaintiff has alleged some non-time-barred acts which contributed to the alleged violation. *Id.* (quoting *Morgan*, 536 U.S. at 117; *Harris*, 186 F.3d at 250). A continuing violation cannot "be established merely because the claimant continues to feel the effects of a time-barred

---

[4] The Court notes that Plaintiff's Complaint was filed on July 22, 2019. (Dkt. No. 1.) However, pursuant to the prison mailbox rule, the Court deems Plaintiff's Complaint as filed on July 15, 2019, when she gave it to prison officials. *Douglas v. Bughrara*, 11-CV-1535, 2013 WL 5347285, at *3 (N.D.N.Y. Sept. 23, 2013) (Kahn, J.).

discriminatory act." *Harris*, 186 F.3d at 250 (citing *Lightfoot v. Union Carbide Corp.*, 110 F.3d 898, 907 (2d Cir. 1997)).

The continuing violation doctrine is generally disfavored in this Circuit. *See Town of Ramopo v. Town of Clarkstown*, 16-CV-2004, 2017 WL 782500, at *5 (S.D.N.Y. Feb. 27, 2017); *Grimes v. Fremont Gen. Corp.*, 785 F. Supp. 2d 269, 292 (S.D.N.Y. 2011) (quoting *Trinidad v. N.Y.C. Dep't of Corr.*, 423 F. Supp. 2d 151, 165 n.11 (S.D.N.Y. 2006)) ("[C]ourts in the Second Circuit 'have been loath to apply [the continuing violation doctrine] absent a showing of compelling circumstances.'").

Here, Plaintiff's allegations concern a discrete incident that occurred on November 7, 2015. As a result, I find no compelling circumstances present to warrant applying the continuing violation doctrine.

In addition, there is no indication at this time that this is one of those extraordinary cases in which equitable tolling should apply.

A § 1983 claim accrues–and the limitations period begins to run–"when the plaintiff has a complete and present cause of action, that is, when the wrongful act or omission results in damages." *Smith v. Campbell*, 782 F.3d 93, 100 (2d Cir. 2015) ("The cause of action accrues even though the full extent of the injury is not then known or predicable."). Stated differently, in determining when the statute of limitations begins to run, the "proper focus is on the time of [wrongful] act, not the point at which the consequences of the act become painful." *Bailey v. Tricoll*a, 94-CV-4597, 1995 WL 548714, at *3 (E.D.N.Y. Sept. 12, 1995) (quoting *Chardon v. Fernandez*, 454 U.S. 6, 8 (1981)).

According to Plaintiff, "[i]n 5-2016, my Court appointed [criminal defense attorney] Michelle Coleman revealed to me that the strip search was recorded, on interrogation room DVD

[and] copies [were] passed around to case staff. I saw for myself in her office." (Dkt. No. 1 at 6.)

Thus, to the extent Plaintiff traces the alleged violation of her civil rights to the videotaped "strip search" on November 7, 2015, the statute of limitations on her claims would have expired on November 7, 2018, and, at the very latest, in May 2019, when her criminal defense attorney "revealed to [her] that the strip search was recorded." (Dkt. No. 1 at 6.) As such, the Court finds that the statute of limitations should not be tolled on that basis.

Under New York law, "the doctrine of fraudulent concealment prevents a party from fraudulently concealing wrongdoing until after the tolling of the statute of limitations." *Aiken v. Nixon*, 236 F. Supp. 2d 211, 240 (N.D.N.Y. 2002) (McAvoy, J.). "To invoke the doctrine of fraudulent concealment properly [for purposes of seeking an equitable tolling of the statute of limitations], a plaintiff must establish three elements, including: (1) wrongful concealment by defendants [of their actions], (2) which prevented plaintiff's discovery of the nature of the claim within the limitations period, and (3) due diligence in pursuing the discovery of the claim." *N.Y. Dist. Council of Carpenters Pension Fund v. Forde*, 939 F. Supp. 2d 268, 278 (S.D.N.Y. 2013) (citing *In re Merrill Lynch Ltd. P'ships Litig.*, 154 F.3d 56, 60 (2d Cir. 1998); *Butala v. Agashiwala*, 916 F. Supp. 314, 319 (S.D.N.Y. 1996)). "The relevant question is not the intention underlying defendants' conduct, but rather whether a reasonable plaintiff in the circumstances would have been aware of the existence of a cause of action." *Veltri v. Bldg. Serv. 32b-J Pension Fund*, 393 F.3d 318, 323 (2d Cir. 2004) (citing *Pearl*, 296 F.3d at 82; *Cada v. Baxter Healthcare Corp.*, 920 F.2d 446, 451 (7th Cir. 1990)).

Here, the Court finds Plaintiff has not plausibly alleged any of the three elements to invoke this doctrine.

Further, although not raised by Plaintiff, having carefully reviewed the Complaint, the Court discerns no basis to invoke equitable tolling or equitable estoppel in order to salvage what are otherwise patently untimely claims. Under New York law, equitable tolling applies "where a plaintiff has been prevented in some extraordinary way from exercising rights," such that "it would have been impossible for a reasonably prudent person to learn about his or her cause of action." *Pearl*, 296 F.3d at 85. In a related but slightly different vein, equitable estoppel is available "where the plaintiff knew of the existence of his cause of action but the defendant's conduct caused him to delay bringing the lawsuit." *Dillman v. Combustion Eng'g, Inc.*, 784 F.3d 76, 85 (2d Cir. 1986); *see also Abbas*, 480 F.3d at 642 (stating that equitable estoppel applies when a "plaintiff was induced by fraud, misrepresentation or deception to refrain from filing a timely action"). Under either doctrine, "[d]ue diligence on the part of the plaintiff in bringing an action . . . is an essential element of equitable relief." *Abba*s, 480 F.3d at 642 (quoting *Doe v. Holy See (State of Vatican City)*, 17 A.D. 3d 793, 796 (N.Y. App. Div. 3d Dep't 2005)).

As a result, the Court finds Plaintiff is not entitled to tolling and, thus, her claims, which are based on events that occurred before July 15, 2016, are time-barred.

Therefore, I recommend dismissing, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim, Plaintiff's claims pursuant to 42 U.S.C. § 1983 because they are based on time-barred events.

### 2. Claim Based on Equal Protection

In the alternative, with respect to Plaintiff's equal protection claim pursuant to the Fourteenth Amendment and 42 U.S.C. § 1983, I recommend dismissal for failure to state a claim upon which relief may be granted.

The Equal Protection Clause requires that the government treat similarly situated people in a similar manner. *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985). "This provision does not mandate identical treatment for each individual." *Muhmmaud v. Murphy*, 632 F. Supp. 2d 171, 178 (D. Conn. 2009) (citing *City of Cleburne*, 473 U.S. at 439-40). To prevail on such a claim, a plaintiff must demonstrate that "he was treated differently from other similarly situated individuals and that the reason for this different treatment was based on 'impermissible considerations such as race, religion, intent to inhibit or punish the exercise of constitutional rights, or malicious or bad faith intent to injure a person.'" *Muhmmaud*, 632 F. Supp. 2d at 178 (quoting *Diesel v. Town of Lewisboro*, 232 F.3d 92, 103 (2d Cir. 2000)). Plaintiff has not asserted or alleged that she is a member of a protected class, but alleged in wholly conclusory terms that "Debra Murphy [assigned to Plaintiff's DOJ civil rights complaint] called [her] in 12-2016 [and said] that the investigation wasn't complete [but] that a finding was made of discriminatory practices against [Plaintiff's] race, gender, religion, [and] protected classes, by Binghamton Police Dept[artment]." (Dkt. No. 1 at 6; *accord* Dkt. No. 1 at 10.)

Even assuming that Plaintiff's equal protection claim is based on a "class of one theory," to state such a claim, a plaintiff must allege that "(1) he has been intentionally treated differently from others similarly situated, and (2) there is no rational basis for the difference in treatment." *Muhmmaud*, 632 F. Supp. 2d at 179 (citing *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000)). Plaintiff has not alleged that she was intentionally treated differently by Defendants, that she was treated differently than any other similarly situated individual or that there was not a rational basis for the treatment. Without any such allegations, Plaintiff has failed to state a viable equal protection claim. *See Green v. Martin*, 224 F. Supp. 3d 154, 171-72 (D. Conn. 2016) (dismissing the plaintiff's claims where he did not allege that he was a member of a protected

class and also failed to allege facts plausibly suggesting that "he was intentionally treated differently by Defendant [], that he was treated differently than any similarly situated inmate or that there was not a rational basis for the treatment.").

As a result, in the alternative, I recommend that Plaintiff's equal protection claim be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.

### 3. Claims Against Defendants Miller and Peters in Their Official Capacities

After careful consideration, in the alternative, I recommend dismissal of Plaintiff's claims pursuant to 42 U.S.C. § 1983 against Defendants Miller and Peters in their official capacities to the extent that Plaintiff requests monetary relief.[5]

---

[5] "Under the doctrine in *Ex Parte Young*, 'a plaintiff may avoid the Eleventh Amendment bar to suit and proceed against individual state officers . . . in their official capacities, provided his complaint (a) alleges an ongoing violation of federal law and (b) seeks relief properly characterized as prospective.'" *Clark v. DiNapoli*, 510 F. App'x 49, 51 (2d Cir. 2013) (quoting *In re Deposit Ins. Agency*, 482 F.3d 612, 618 (2d Cir. 2007)). However, "[a] plaintiff may not use this doctrine to adjudicate the legality of past conduct," meaning there must be some "plausible threat of future violations." *Clark*, 510 F. App'x at 51 (citing *Papasan v. Allain*, 478 U.S. 265, 277-78 (1986)); *see W. Mohegan Tribe and Nation*, 395 F.3d at 21 (noting that, "in determining whether the *Ex Parte Young* doctrine applies to avoid an Eleventh Amendment bar to suit, 'a court need only conduct a straightforward inquiry into whether the complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective'"); *see also New York State Corr. Officers & Police Benev. Ass'n, Inc. v. New York*, 911 F. Supp. 2d 111, 129 (N.D.N.Y. 2012) (D'Agostino, J.) ("[D]eclaratory relief is not permitted under *Ex Parte Young*, when it would serve to declare only past actions in violation of federal law: retroactive declaratory relief cannot be properly characterized as prospective.").

The relevant non-monetary relief requested by Plaintiff in the Complaint includes "injunctive [relief] to redact that part of the CD from all copies passed around; in evidence." (Dkt. No. 1, at 5.) Plaintiff's request for non-monetary relief, appears to have some prospective grounding. *See Keyes v. Annucci*, 2019 WL 4602240, at *8 (N.D.N.Y. Sept. 23, 2019) (holding that a request for injunctive relief ordering the defendants and custodians of records to expunge all entries of the disciplinary hearings and dispositions from the plaintiffs' records, to have prospective grounding, and thus, holding that the request for relief was not barred by the Eleventh Amendment). Consequently, I recommend that, to the extent Plaintiff's claims are premised on this prospective basis for relief, any claims against Defendants Miller and Peters in their official capacities are not barred by the Eleventh Amendment.

13

The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. Regardless of the nature of the relief sought, in the absence of the State's consent or waiver of immunity, a suit against the State or one of its agencies or departments is proscribed by the Eleventh Amendment. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). "New York State has not consented to suit in federal court." *Abrahams v. Appellate Div. of Supreme Court*, 473 F. Supp. 2d 550, 556 (S.D.N.Y. 2007) (citing *Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 38-40 (2d. Cir. 1977)).

Section 1983 claims do not abrogate the Eleventh Amendment immunity of the states. *See Quern v. Jordan*, 440 U.S. 332, 340-41 (1979). "[C]laims against a government employee in his official capacity are treated as a claim against the municipality," and, thus, cannot stand under the Eleventh Amendment. *Hines v. City of Albany*, 542 F. Supp. 2d 218, 227 (N.D.N.Y. 2008).

Accordingly, in the alternative, the Court recommends that all claims against Defendants Miller and Peters in their official capacities be dismissed with prejudice and without leave to amend. *Jackson v. Gunsalus*, 16-CV-0647, 2016 WL 4004612, at *2 (N.D.N.Y. June 24, 2016) (Dancks, M.J.), *report and recommendation adopted*, 2016 WL 3983635 (July 25, 2016) (Sharpe, J.).

### 4. Claims Against the Binghamton Police Precinct

After careful consideration, in the alternative, I recommend dismissal of Plaintiff's claims pursuant to 42 U.S.C. § 1983 against Defendant Binghamton Police Precinct.

A municipal police department is not susceptible to suit pursuant to 42 U.S.C. § 1983. *La Grande v. Town of Bethlehem Police Dep't*, 08-CV-0738, 2009 WL 2868231, at *2 (N.D.N.Y. Sept. 1, 2009); *Davis v. Lynbrook Police Dep't*, 224 F. Supp. 2d 463, 477 (E.D.N.Y. 2002) (internal citations omitted). "Under New York law, departments which are merely administrative arms of a municipality do not have a legal identity separate and apart from the municipality and cannot sue or be sued." *Walker v. U.S. Marshalls*, 08-CV-0959, 2009 WL 261527, at *2 (E.D.N.Y. Feb. 4, 2009) (quoting *Hall v. City of White Plains*, 185 F. Supp. 2d 293, 303 (S.D.N.Y. 2002)); *see also Nicholson v. Lenczewski*, 356 F. Supp. 2d 157, 164 (D. Conn. 2005) (collecting cases).

Here, Plaintiff's claims against the Binghamton Police Precinct, which also has no legal, separate identity apart from the City of Binghamton, is not plausible. Therefore, I recommend dismissal of the claims against Defendant Binghamton Police Precinct with prejudice and without leave to amend. *See Jackson*, 2016 WL 4004612, at *5 (dismissing claims against the Syracuse Police Department with prejudice and without leave to amend because the Syracuse Police Department "is not susceptible to suit under § 1983.").

### B.     Claim Pursuant to PREA

In her Complaint, Plaintiff alleges that Defendants violated PREA. (Dkt. No. 1 at 3.) To the extent that Plaintiff is attempting to assert a claim for violation of the statute, her claim fails as there is no private right of action under the PREA. *See Bowens v. Wetzel*, 674 F. App'x 133, 137 (3rd Cir. 2017) ("Bowens may not attempt to enforce statutes or policies that do not themselves create a private right of action by bootstrapping such standards into a constitutional deliberate indifference claim."); *Krieg v. Steele*, 599 F. App'x 231, 232-33 (5th Cir. 2015) (finding that PREA does not afford a private right of action); *Aaron v. Kelly*, 19-CV-0089, 2019

WL 4458416, at *5 (E.D. Ark. Aug. 21, 2019) (recommending dismissal of the plaintiff's claims pursuant to PREA); *Green v. Martin*, 224 F. Supp. 3d 154, 170-71 (D. Conn. 2016) (citing *Jones v. Forbes*, 16-CV-0014, 2016 WL 4435081, at *3 (D. Conn. Sept. 25, 2012)) (holding that the plaintiff "cannot bring an individual claim based on a violation of [PREA]'s provisions. Thus, any claim under the Prison Rape Elimination Act is dismissed pursuant to 28 U.S.C. § 1915A(b)(1)); *see also Miller v. Annucci*, 2019 WL 4688539, at *10 (S.D.N.Y. Sept. 26, 2019) ("Even accepting Plaintiff's allegations as true, '[t]o the extent that Plaintiff's claim is based on a failure to investigate his allegations of sexual assault under [PREA], it must be dismissed because nothing in the statute suggests that PREA intended to establish a private claim for allegations of prison rape, and every court to address the issue has determined that PREA cannot support such a claim by an inmate."). As a result, I recommend dismissal of this claim.

## V.   OPPORTUNITY TO AMEND

Generally, a court should not dismiss claims contained in a complaint filed by a *pro se* litigant without granting leave to amend at least once "when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Branum v. Clark*, 927 F.2d 698, 704-05 (2d Cir. 1991); *see also* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires."). An opportunity to amend is not required, however, where "the problem with [the plaintiff's] causes of action is substantive" such that "better pleading will not cure it." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *see also Cortec Indus. Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991) ("Of course, where a plaintiff is unable to allege any fact sufficient to support its claim, a complaint should be dismissed with prejudice."). Stated differently, "[w]here it appears that granting leave to amend is unlikely to be productive, . . . it is not an abuse of discretion to deny leave to amend." *Ruffolo v. Oppenheimer & Co.*, 987 F.2d

16

129, 131 (2d Cir. 1993); *accord, Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *1 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.).[6]

Generally, a district court should not dismiss claims as time-barred without providing a *pro se* plaintiff with "notice and opportunity to be heard" as to whether there might be a meritorious tolling argument or other reason why the complaint might be considered. *Abbas*, 480 F.3d at 640. As a result, I recommend that Plaintiff's time-barred claims (claims pursuant to 42 U.S.C. § 1983) be dismissed with leave to amend.

Likewise, it is recommended that to the extent that Plaintiff's claims pursuant to 42 U.S.C. § 1983 are not dismissed based on the statute of limitations, but Plaintiff's equal protection claim is dismissed for failure to state a claim, that she be granted leave to amend that claim.

However, I recommend that to the extent that Plaintiff's claims pursuant to 42 U.S.C. § 1983 are not dismissed based on the statute of limitations, but are dismissed against Defendants Miller and Peters in their official capacities to the extent those claims seek monetary damages, I recommend that those claims be dismissed with prejudice and without leave to amend. *Jackson*, 2016 WL 4004612, at *2.

Moreover, to the extent that Plaintiff's claims pursuant to 42 U.S.C. § 1983 are not dismissed based on the statute of limitations, but are dismissed against the Binghamton Police

---

[6]  *See also Carris v. First Student, Inc.*, 132 F. Supp. 3d 321, 340-41 n.1 (N.D.N.Y. 2015) (Suddaby, C.J.) (explaining that the standard set forth in *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 796 (2d Cir. 1999), that the Court should grant leave to amend "unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would be successful in stating a claim" is likely not an accurate recitation of the governing law after *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)), *rev'd on other grounds*, 682 F. App'x 30.

Precinct because it is not a susceptible to suit under § 1983, I recommend that those claims be dismissed with prejudice. *Jackson*, 2016 WL 4004612, at *5.

In addition, for the reasons set forth in Part IV.B. of this Order and Report-Recommendation, the problem with Plaintiff's PREA claim is substantive, such that better pleading will not cure it. *Ruffolo*, 987 F.2d at 131. Therefore, it is recommended that Plaintiff's PREA claim be dismissed without leave to amend. *Walsh v. N.J. Dep't of Corr.*, 17-CV-2442, 2017 WL 3835666, at *3 (D.N.J. Aug. 31, 2017) (dismissing with prejudice the plaintiff's PREA claims); *Patterson v. Patterson*, 2017 WL 1383899, at *4 (W.D.N.Y. Apr. 14, 2017) (dismissing with prejudice, the plaintiff's claims pursuant to PREA "[b]ecuase no amendment could cure this defect."); *Colleen v. Yamaoka*, 14-CV-0577, 2015 WL 793085, at *4 (D. Haw. Feb. 25, 2015) (dismissing the plaintiff's claims brought under PREA against all defendants with prejudice because leave to amend would be futile); *Hatcher v. Harrington*, 14-CV-0554, 2015 WL 474313, at *5 (D. Haw. Feb. 5, 2015) (same).

If Plaintiff chooses to file an amended complaint, she should note that the law in this circuit clearly provides that "'complaints relying on the civil rights statutes are insufficient unless they contain some specific allegations of fact indicating a deprivation of rights, instead of a litany of general conclusions that shock but have no meaning.'" *Hunt v. Budd*, 895 F. Supp. 35, 38 (N.D.N.Y. 1995) (McAvoy, J.) (quoting *Barr v. Abrams*, 810 F.2d 358, 363 (2d Cir. 1987)); *accord Pourzancvakil v. Humphry*, 94-CV-1594, 1995 WL 316935, at *7 (N.D.N.Y. May 22, 1995) (Pooler, J.). Therefore, in any amended complaint, Plaintiff must clearly set forth facts that give rise to the claims, including the dates, times, and places of the alleged underlying acts, and each individual who committed each alleged wrongful act. In addition, the revised pleading should allege facts demonstrating the specific involvement of any of the named

defendants in the constitutional deprivations alleged in sufficient detail to establish that they were tangibly connected to those deprivations. *Bass v. Jackson*, 790 F.2d 260, 263 (2d Cir. 1986). Finally, Plaintiff is informed that any such amended complaint will replace the existing Complaint, and must be a wholly integrated and complete pleading that does not rely upon or incorporate by reference any pleading or document previously filed with the Court. *See Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994) ("It is well established that an amended complaint ordinarily supersedes the original and renders it of no legal effect.").

## VI. SUMMARY, RECOMMENDATION, AND ORDER

Having reviewed Plaintiff's IFP application, I find that she meets the requirements for IFP status, and therefore grant her motion for leave to proceed without prepayment of fees. Turning to the merits of Plaintiff's Complaint, I recommend that Plaintiff's Complaint be dismissed in its entirety.

**WHEREFORE**, based on the findings above, it is

**ORDERED** that the application to proceed *in forma pauperis* (Dkt. No. 8) is **GRANTED**; and it is further respectfully

**RECOMMENDED** that the Court **DISMISS WITHOUT LEAVE TO REPLEAD** Plaintiff's (1) Prison Rape Elimination Act claim, and (2) claims pursuant to 42 U.S.C. § 1983 (a) for monetary damages against Defendants Miller and Peters in their official capacities, and (b) against the Binghamton Police Precinct, pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief may be granted; and it is further

**RECOMMENDED** that the Court **DISMISS WITH LEAVE TO REPLEAD** Plaintiff's claims pursuant to 42 U.S.C. § 1983 against (1) Defendant City of Binghamton, (2) Defendants Miller and Peters in their individual capacities, and (3) Defendants Miller and Peters

in their official capacities to the extent that Plaintiff seeks prospective non-monetary relief, pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief may be granted.

**NOTICE:** Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file written objections to the foregoing report.[7] Such objections shall be filed with the Clerk of the Court. **<u>FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW</u>**. 28 U.S.C. § 636(b)(1) (Supp. 2013); Fed. R. Civ. P. 6(a), 6(d), 72; *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)).

It is hereby respectfully **ORDERED** that the Clerk of the Court shall file a copy of this order, report, and recommendation on the docket of this case and serve a copy upon the parties in accordance with the local rules.[8]

Dated: December 2, 2019
Binghamton, New York

_____
Miroslav Lovric
U.S. Magistrate Judge

---

[7] If you are proceeding *pro se* and served with this report, recommendation, and order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date that the report, recommendation, and order was mailed to you to serve and file objections. Fed. R. Civ. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. Fed. R. Civ. P. 6(a)(1)(C).

[8] The Clerk shall also provide Plaintiff with copies of all unreported decisions cited herein in accordance with *Lebron v. Sanders*, 557 F.3d 76 (2d Cir. 2009) (per curiam).