**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**JESSICA WROBLESKI,**

          **Plaintiff,**

          v.

**AMANDA MILLER et al.,**

          **Defendants.**
_____

**3:19-cv-876
(GLS/ML)**

## ORDER

Plaintiff *pro se* Jessica Wrobleski commenced this action against defendants Binghamton Police Investigators Amanda Miller and Carl Peters, the Binghamton Police Precinct, and the City of Binghamton, pursuant to 42 U.S.C. § 1983 and the Prison Rape Elimination Act of 2003 (PREA)[1] for allegedly video-recording and distributing her "strip search." (Compl., Dkt. No. 1.) On December 2, 2019, Magistrate Judge Miroslav Lovric issued an Order and Report-Recommendation (R&R) granting Wrobleski's application to proceed *in forma pauperis,* (Dkt. No. 3), and recommending that Wrobleski's complaint be dismissed *sua sponte* with prejudice as to her PREA claim, as well as her § 1983 claims for monetary

---

[1] *See* 34 U.S.C. §§ 30301-09.

damages against Miller and Peters in their official capacities and against the Binghamton Police Precinct.  (Dkt. No. 9 at 19.)  The R&R further recommends that, because the applicable statute of limitations bars Wrobleski's § 1983 claims, her complaint be dismissed without prejudice[2] as to her § 1983 claims against the City of Binghamton; Miller and Peters in their individual capacities; and Miller and Peters in their official capacities to the extent that Wrobleski seeks prospective, non-monetary relief.  (*Id.* at 16-20.)  Wrobleski filed timely objections to the R&R.[3]  (Dkt. No. 12.)  For the reasons that follow, the R&R is adopted in part and rejected in part.

Although many of Wrobleski's objections consist of wholly conclusory

---

[2] Judge Lovric recommended dismissal without prejudice because a district court should not dismiss a complaint with prejudice on the basis of an anticipated statute of limitations defense without granting the plaintiff notice and an opportunity to be heard.  (Dkt. No. 9 at 17 (citing *Abbas v. Dixon*, 480 F.3d 636, 640 (2d Cir. 2007)).)

[3] When a report and recommendation is filed, the parties have fourteen (14) days from receipt of the report to file specific, written objections to proposed findings and recommendations.  *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2); N.D.N.Y. L.R. 72.1(c).  Three additional days are added to the fourteen-day period when the plaintiff is served with the report by mail.  *See* Fed. R. Civ. P. 6(d).  The R&R was filed on December 2, 2019 and Wrobleski filed her objections seventeen days later on December 19, 2019, making her objections timely.

and generalized grievances, triggering review for clear error only, *see Almonte v. N.Y. State Div. of Parole*, No. Civ. 904CV484, 2006 WL 149049, at *4-5 (N.D.N.Y. Jan. 18, 2006), she does raise certain specific objections, which warrant *de novo* review, *see id.* at *3-5.

First and foremost, Wrobleski objects to the R&R as to the recommendation of dismissal on statute of limitations grounds. (Dkt. No. 12 at 1-2.) The R&R found that the statute of limitations bar Wrobleski's § 1983 claims, because the statutory period had run prior to the filing of Wrobleski's complaint, and because none of the tolling doctrines or other exceptions apply. (Dkt. No. 9 at 6-11.) As the R&R acknowledged, though, a court should not dismiss a complaint with prejudice on the basis of an anticipated statute of limitations defense without granting the plaintiff notice and an opportunity to be heard. *See Abbas v. Dixon*, 480 F.3d 636, 639-40 (2d Cir. 2007); *see also Jones v. Block*, 549 U.S. 199, 215 (2007) (rejecting argument that plaintiffs need to plead facts in the complaint to avoid an affirmative defense).

Here, Wrobleski had sufficient notice and a sufficient opportunity to be heard. The R&R put Wrobleski on notice of the statute of limitations and the tolling doctrines by virtue of its thorough analysis of these rules,

3

(Dkt. No. 9 at 6-11), and Wrobleski responded to, and made legal arguments against, this analysis in her objections, (Dkt. No. 12 at 1-2). Importantly, Wrobleski expressly made an equitable tolling argument in her objections. (*Id.* at 2.)

Thus, finding that Wrobleski had sufficient notice and opportunity to be heard, the statute of limitations issue is addressed *de novo*. *See Almonte*, 2006 WL 149049, at *3. The statute of limitations for a § 1983 action in New York is three years. *See Melendez v. Greiner*, 477 F. App'x 801, 803 (2d Cir. 2012) (citing *Shomo v. City of New York*, 579 F.3d 176, 181 (2d Cir. 2009)). The cause of action accrued when Wrobleski "kn[ew] or ha[d] reason to know of the injury which is the basis of [her] action." *See Pearl v. City of New York*, 296 F.3d 76, 80 (2d Cir. 2002) (internal quotation marks and citations omitted). Even assuming *arguendo* that the statute of limitations did not begin to run until May 2016—when Wrobleski allegedly first discovered that her strip search was video-recorded—her § 1983 claims are barred by the three-year statute of limitations, as she did not file her complaint until July 15, 2019.[4] (Compl.)

---

[4] Wrobleski's complaint was filed on the docket on July 22, 2019. (Compl.) But pursuant to the prison mailbox rule, her complaint is deemed to have been filed on July 15, 2019, when she handed it over to

4

In her objections, Wrobleski argues that the doctrines of equitable tolling, fraudulent concealment, and equitable estoppel apply here. (Dkt. No. 12 at 2.) Notably, Wrobleski appears to argue that, even if one or more of these tolling doctrines applies, the court should find that the statute of limitations began to run in May 2016. (*Id.* at 1 ("The statute of limitations commenced when Plaintiff became aware of the recording of the incident [in] May 2016."); *id.* at 2 (arguing that the "known and should have known date . . . [is] May 3[,] 2016" because prior to that, the information given to her was "very limited").) As mentioned above, assuming the statute of limitations began to run in May 2016, the statutory period would have closed in May 2019, still two months prior to when Wrobleski filed her complaint.

Nevertheless, given Wrobleski's *pro se* status, the court has considered her arguments in determining whether the statute of limitations should be tolled further than May 2016. Even when the applicable statute of limitations has run for a particular claim, "a filing may be deemed timely

---

prison officials. *See Douglas v. Bughrara*, No. 9:11-CV-1535, 2013 WL 5347285, at *3 (N.D.N.Y. Sept. 23, 2013) ("The prison mailbox rule starts the statute of limitations analysis in prisoner civil rights actions. A *pro se* inmate's motion is deemed filed on the date the papers were given to prison officials." (citation omitted)).

5

under the doctrine of equitable tolling where a litigant can show that he has been pursuing his rights diligently and that some extraordinary circumstance stood in his way." *Reape v. Colvin*, No. 1:13-CV-1426, 2015 WL 275865, at *3 (N.D.N.Y. Jan. 22, 2015) (internal quotation marks and citations omitted). The application of this doctrine is appropriate only in "rare and exceptional circumstances, in which a party is prevented in some extraordinary way from exercising his rights." *Zerilli-Edelglass v. N.Y. Transit Auth.*, 333 F.3d 74, 80 (2d Cir. 2003) (internal quotation marks citations, and alterations omitted).

Wrobleski argues that equitable tolling should apply because, she was waiting for "a response from the Department of Justice"; while she was incarcerated she did not have access to—in her view—an adequate law library; and because she was busy with other court appearances. (Dkt. No. 12 at 2.) These circumstances do not reach the "rare and exceptional" threshold required for the application of equitable tolling. *See Wright v. Rensselaer Cnty. Jail*, No. 9:17-CV-0622, 2018 WL 10038804, at *4 (N.D.N.Y. Mar. 30, 2018) ("It is . . . well-settled that the routine experiences of prison life do not qualify as extraordinary circumstances . . . Courts have found that solitary confinement, lock-downs, and restricted access to the

6

law library do not . . . warrant[] equitable tolling." (internal quotation marks and citations omitted)); *Castro v. United Sec. Inc.*, No. 10 Civ. 6152, 2011 WL 4916402, at *3 (S.D.N.Y. Oct. 17, 2011) ("[C]ourts within the Second Circuit consistently have held that lack of legal knowledge or legal assistance is not an extraordinary circumstance warranting equitable tolling." (citation omitted)).

Next, a plaintiff invoking the doctrine of fraudulent concealment for purposes of seeking an equitable tolling of the statute of limitations "must establish three elements, including: (1) wrongful concealment by defendants of their actions (2) which prevented plaintiff's discovery of the nature of the claim within the limitations period, and (3) due diligence in pursuing the discovery of the claim." *Richard v. Leclaire*, No. 9:15-CV-00006, 2017 WL 4349381, at *2 (N.D.N.Y. Sept. 29, 2017) (citation and alteration omitted). Wrobleski alleges that defendants wrongfully concealed the "interrogation room video" until May 2016. (Dkt. No. 12 at 2.) But May 2016 is well "within the limitations period." *See Leclaire*, 2017 WL 4349381, at *2. In any event, as noted previously, even assuming the statutory period did not begin to run until May 2016, Wrobleski's complaint, which was filed on July 15, 2019, is still untimely.

The doctrine of equitable estoppel is equally unhelpful to Wrobleski. Equitable estoppel requires Wrobleski to show that she was "prevented from filing an action within the applicable statute of limitations due to . . . her reasonable reliance on deception, fraud or misrepresentations by the defendant." *Sweener v. Saint-Gobain Performance Plastics Corp.*, No. 1:17-CV-0532, 2018 WL 748742, at *5 (N.D.N.Y. Feb. 7, 2018) (quoting *Putter v. N. Shore Univ. Hosp.*, 858 N.E.2d 1140, 1142 (N.Y. 2006)). "For the doctrine to apply, a plaintiff may not rely on the same act that forms the basis for the claim—the later fraudulent misrepresentation must be for the purpose of concealing the former tort." *Id.* (quoting *N.Y. State Workers' Comp. Bd. v. Fuller & LaFiura, CPAS, P.C.*, 146 A.D. 3d 1110, 1116 (3d Dep't 2017)). Similar to equitable tolling and fraudulent concealment, equitable estoppel does not help Wrobleski, because, as described above, she alleges that the existence of the video was concealed from her until May 2016, and a finding that the accrual date was May 2016 would not cure her untimeliness.

Accordingly, Wrobleski's § 1983 claims are barred by the applicable three-year statute of limitations, and must be dismissed with prejudice. *See Baez v. Kahanowicz*, 278 F. App'x 27, 29 (2d Cir. 2008) ("Th[e]

8

[district court's] dismissal was properly with prejudice. Any complaint filed after the district court's decision . . . would have exceeded the three-year statute of limitations." (citation omitted)); *Brewer v. N.Y. State Dep't of Health*, No. 1:17-CV-0839, 2018 WL 718411, at *3 (N.D.N.Y. Feb. 5, 2018) (dismissing the complaint with prejudice because "an amended complaint would not remedy the untimeliness of [the plaintiff's] claims," so "granting leave to amend would be futile" (citations omitted)).

As mentioned above, Wrobleski also alleges a claim pursuant to the PREA. (Compl. at 3.) But there is no private right of action under the PREA. *See Miller v. Annucci*, No.17-CV-4698, 2019 WL 4688539, at *10 (S.D.N.Y. Sept. 26, 2019) (holding that a plaintiff's claim pursuant to the PREA "must be dismissed because nothing in the statute suggests that PREA intended to establish a private claim for allegations of prison rape, and every court to address the issue has determined that PREA cannot support such a claim by an inmate" (citations omitted)). Indeed, Wrobleski seems to concede that her PREA claim should be dismissed. (Dkt. No. 12 at 6 ("I do not mind that the P.R.E.A. portion of my suit is dismissed.").) Consequently, this claim must be dismissed as well.

Wrobleski makes various additional objections. Although the court

9

has carefully considered the entirety of the R&R and each of Wrobleski's objections, whether these objections are general or specific, or trigger clear error or *de novo* review, is of no consequence, because the statute of limitations bars her § 1983 claims and there is no private right of action under the PREA, rendering these objections moot.[5]

Accordingly, it is hereby

**ORDERED** that the Order and Report-Recommendation (Dkt. No. 9) is **ADOPTED IN PART AND REJECTED IN PART** as follows:

> **REJECTED** as to the dismissal of Wrobleski's § 1983 claims with leave to replead; and

---

[5] Notably, if the court were to consider the remaining objections, it would adopt the R&R in its entirety. For the reasons stated in the R&R, (Dkt. No. 9 at 13-15), Wrobleski's claims against the Binghamton Police Precinct, and claims against Miller and Peters in their official capacities for monetary damages, must be dismissed for grounds independent from the statute of limitations, *see Walker v. U.S. Marshals*, No. 08-CV-959, 2009 WL 261527, at *2 (E.D.N.Y. Feb. 4, 2009) (finding that a municipal police department is not subject to suit pursuant to 42 U.S.C. § 1983, because "[u]nder New York law, departments which are merely administrative arms of a municipality, do not have a legal identity separate and apart from the municipality and cannot sue or be sued"); *Zachary v. Clinton County, N.Y.*, No. 1:01CV1281, 2003 WL 24197685, at *2 (N.D.N.Y. Jan. 10, 2003) ("Claims against individual defendants in their official capacities are really claims against the municipality and, thus, are redundant when the municipality is also named as a defendant." (internal quotation marks and citation omitted)).

**ADOPTED** as to the remainder of the R&R; and it is further

**ORDERED** that Wrobleski's Complaint (Dkt. No. 1) is **DISMISSED WITH PREJUDICE**[6]; and it is further

**ORDERED** that the Clerk close this case; and it is further

**ORDERED** that the Clerk provide a copy of this Order to the parties.

**IT IS SO ORDERED.**

January 15, 2020
Albany, New York

*Gary L. Sharpe*
Gary L. Sharpe
U.S. District Judge

---

[6] Generally, a "court should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (citation omitted). However, it is clear that an amended complaint would not remedy the untimeliness of Wrobleski's § 1983 claims. Thus, "[b]ecause granting leave to amend would be futile," Wrobleski's complaint is dismissed with prejudice. *See Brewer v. N.Y. State Dep't of Health*, 2018 WL 718411, at *3 (citing *Baker v. Bank of America, N.A.*, 706 Fed.Appx. 43, 44 (2d Cir. 2017)). Further, for the reasons set forth above, the issue with Wrobleski's PREA claim is substantive and cannot be cured with better pleading. *See Patterson v. Patterson*, No. 1:16-CV-00844, 2017 WL 1383899, at *4 (W.D.N.Y. Apr. 14, 2017) (dismissing with prejudice, the plaintiff's claims pursuant to the PREA "[b]ecause no amendment could cure th[e] defect").